**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

M.S.J.,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.,

Respondents.

Case No.: 26cv4987 DMS VET

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition, and Petitioner filed a Traverse. For the following reasons, the Petition is granted.

Petitioner is a citizen and national of Afghanistan. (Pet. at 1.) On January 9, 2024, he entered the United States without inspection near San Ysidro, California, where he was apprehended by border patrol agents and taken into custody at Otay Mesa Detention Center. (Return, Ex. 1.) On January 10, 2024, Petitioner made a credible fear claim to a border patrol agent who determined Petitioner was inadmissible. (*Id.*) Sometime thereafter, Petitioner was referred to an immigration officer for a credible fear interview, which ended in a positive finding. (*Id.*) On February 2, 2024, immigration officials served

Petitioner with a Notice to Appear before an immigration judge ("IJ") on February 8, 2024. (*Id.*)

At some point during his immigration proceedings, Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based on his fear of persecution and torture due to his political opinion. On December 23, 2024, the IJ denied Petitioner's request for asylum, but granted his request for deferral of removal under the CAT. The Department of Homeland Security ("DHS") appealed that decision to the Board of Immigration Appeals ("BIA"). On August 1, 2025, the BIA remanded the case to the IJ "to determine whether [Petitioner] was a member of the Haqqani network." On February 19, 2026, a different IJ denied Petitioner's request for deferral of removal under the CAT and ordered Petitioner removed to Afghanistan. (Return, Ex. 4.) DHS waived appeal of that decision. (*Id.*) Petitioner reserved appeal, but did not file a timely appeal. (*Id.*) Accordingly, Petitioner's removal order became administratively final on March 23, 2026.

On January 2, 2026, Petitioner filed his first case in this Court seeking release from custody. In that Petition his sole claim was that his continued detention violated his Fifth Amendment right to due process. The Court granted that Petition and ordered Respondents to provide Petitioner with a bond hearing.[1] Respondents complied with the Court's order and the IJ denied Petitioner's request for bond.

On June 7, 2026, Petitioner filed his second case in this Court again arguing that his prolonged detention violated due process. In light of the final removal entered on February 19, 2026, and Petitioner's failure to address the detention authority associated with that order, i.e., 8 U.S.C. § 1231, the Court denied that Petition without prejudice.

---

[1] Petitioner previously appeared for a bond hearing before an IJ on May 17, 2024. At that hearing the IJ stated she did not have jurisdiction to consider Petitioner's bond request. In light of the IJ's statement, Petitioner withdrew his request for bond.

The present case was filed approximately one month later. Here, Petitioner alleges his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 U.S.C. § 1231.[2] Respondents argue Petitioner has not met his burden to show there is no significant likelihood he will be removed in the reasonably foreseeable future, and even if he has, they have rebutted Petitioner's showing.

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails on his petition for writ of habeas corpus if he shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days" (referred to as the "removal period"). 28 U.S.C. § 1231(a)(1)(A). An alien must be detained during the 90-day removal period. 28 U.S.C. § 1231(a)(2). After the removal period, an alien not yet removed may continue to be detained or released under supervision; however, detention beyond the removal period is limited to what is reasonably necessary to bring about the alien's removal. 28 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 689. Section 1231 contains an implicit time limitation of six months, after which post-removal detention is no longer presumptively reasonable. *Zadvydas*, 533 U.S. at 690, 701. The petitioner has the initial burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which, the Government must respond with evidence sufficient to rebut this showing. *Id.* at 701. If removal is not reasonably foreseeable, the petitioner's detention is no longer authorized by statute. *Id.* at 699–700. "In that case, . . . the alien's

---

[2] Petitioner also asks that the Court prohibit Respondents from transferring him to a third country without adequate procedural safeguards. Respondents state they are not seeking to remove Petitioner to a third country. (*See* Decl. of Sergio Rangel in Supp. of Return ("Rangel Decl.") ¶ 16.) Accordingly, the Court denies this claim as moot.

release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances." *Id.* at 700.

Here, Petitioner has been detained for nearly three years, and for nearly seven months since his final removal order was entered, triggering the *Zadvydas* burden-shifting scheme. Petitioner argues there is no significant likelihood he will be removed to Afghanistan in the reasonably foreseeable future because he does not have a valid passport to travel to Afghanistan, nor does he have a valid "transportation letter" that would allow for his return to Afghanistan. (*See* Rangel Decl. ¶¶ 18-20.) Respondents do not dispute either of these arguments, and thus Petitioner has met his burden at step one of the *Zadvydas* framework.

Respondents attempt to rebut Petitioner's showing by relying on the pendency of Petitioner's passport application and their request for a transportation letter, but those efforts do not show there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future. Respondents also rely on statistics about the number of persons they removed to Afghanistan last year and in the current year to date, but those statistics are without context, and therefore do not show there is a significant likelihood Petitioner will be removed to Afghanistan in the reasonably foreseeable future. Furthermore, other courts have noted there have been no recent removal flights to Afghanistan, *Rahim v. Hernandez*, No. 2:26-CV-03476-LK, 2026 WL 3059247, at *4 (W.D. Wash. Oct. 13, 2026), and "there is no current system for removing Afghan nationals back to Afghanistan, given that the United States does not recognize the Taliban government." *Jalili v. Semaia*, No. 5:26-CV-01703-MBK, 2026 WL 1084739, at *3 (C.D. Cal. Apr. 16, 2026).

On the present record, Respondents have not come forward with evidence to show there is a significant likelihood Petitioner will be removed to Afghanistan in the reasonably foreseeable future. *See Hambarsonpour v. Bondi*, No. C25-1802-RSM, 2025 WL 3251155, at *3 (W.D. Wash. Nov. 21, 2025) (finding removal not significantly likely in reasonably foreseeable future where respondents "provided nothing beyond assertions that

travel documents and removal will occur 'soon.'") Accordingly, Petitioner's present detention is unlawful and he must be released. *See Souvannaseng v. Noem*, No. 3:25-cv-3473-CAB-DEB, 2025 WL 3641180, at *2 (S.D. Cal. Dec. 16, 2025) (granting petition and ordering petitioner's release); *Phouvieng K. v. Andrews*, No. 1:25-cv-01512-KES-SAB (HC), 2025 WL 3265504, at *6, 11 (E.D. Cal. Nov. 24, 2025) (finding petitioner likely to succeed on merits of claim and ordering petitioner's release).[3] In accordance with this Order, the parties are ordered to file a Joint Status Report on or before **November 6, 2026**, confirming Petitioner has been released. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: October 23, 2026

Hon. Dana M. Sabraw
United States District Judge

[3] The Court notes *Zadvydas* provides that an "alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." 533 U.S. at 700.